# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAULINE HARRIS                    :
                                  :
        V.                        :
                                  :       NO.    5:19cv1055
SAFETY BUS SERVICE, INC.          :
                                  :                MAR 13 2019
_____ :

## DEFENDANT, SAFETY BUS SERVICE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT, EASTERN DISTRICT OF PENNSYLVANIA

AND NOW comes, Defendant, Safety Bus Service, Inc., by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, hereby gives notice of the Removal of the above-captioned action to this Court pursuant to 28 U.S.C. §1441 and §1446. The grounds for removal are as follows:

1. Plaintiff, Pauline Harris, filed a Civil Action Complaint in connection with a bus incident that occurred on September 21, 2018 while she was traveling in Lancaster County, Pennsylvania. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. Plaintiff, Pauline Harris, alleges that she is a resident of 927 E. Sedgwick Street, Philadelphia, Pennsylvania 19140. See Exhibit "A".

3. Plaintiff alleges that Defendant, Safety Bus Service, Inc. is a business entity with an office located at 1713 Market Street, Suite 38, Philadelphia, PA 19103. See Exhibit "A".

4. Defendant, Safety Bus Service, Inc. is a New Jersey corporation with a principal place of business at 7200 Park Avenue, Pennsauken, New Jersey 08109. See Affidavit attached hereto as Exhibit "B".

5. Any civil action brought in the State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

District Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Because Philadelphia County is located in the Eastern District of Pennsylvania, removal to this Court is appropriate.

7. Under 28 U.S.C. § 1332(a), this Court has diversity jurisdiction only if each Plaintiff is a citizen of a different state than each Defendant. See, e.g., Norman v. C & F, Inc., No. 01-5677, 2002 U.S. Dist. LEXIS 8818 (E.D. Pa. May 15, 2002). The relevant time for determining the status of a party's citizenship for the purpose of diversity jurisdiction is the time the suit is filed. Id.

8. Citizenship of an individual arises from the intention to establish domicile. See Krasnov v. Dynan, 465 F.2d 1298, 1300 (3d Cir. 1972). Where one lives is *prima facie* evidence of domicile. Id. Consequently, it is averred that the Plaintiff is a citizen of Pennsylvania.

9. A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

10. Furthermore, a corporation is a citizen of the state where its nerve center is located. Hertz v. Friend, 559 U.S. 77 (2010)

11. For the purposes of these proceedings, there exists a complete diversity of citizenship between Plaintiff and Defendant, and the United States Court for the Eastern District of Pennsylvania has original jurisdiction pursuant to 28 U.S.C. § 1332.

12. Section 1332 provides for diversity jurisdiction when the amount in controversy exceeds $75,000.00 and involves the citizens of different states. See 28 U.S.C. § 1332(a)(1).

13. In this case, Plaintiff alleges injuries which include "fractures of the left transverse processes of T8, T9, and T10, fractures of the left ribs 7 through 11, a torn rotator cuff of the left shoulder, left shoulder subachromial bursitis, and various other ills and injuries". See Exhibit "A", paragraph 9.

14. Plaintiff has plead an amount in controversy in excess of $50,000.00 and based upon the injuries alleged in her Complaint, it is believed that the damages in this case would be in excess of $75,000.00.

15. Therefore, after a reasonable reading of the Complaint, one must conclude that the value of potential damages claimed by Plaintiff exceeds the jurisdictional amount of $75,000.00. See Johnson v. Kofsco Wholesale, 99-3576, 1999 W.L. 740690 at 3(E.D.Pa. Sept. 22, 1999).

16. Defendant was served with process in or around February 22, 2019. This Notice of Removal has been filed within thirty (30) days after receipt by Defendant through service or otherwise of a copy of the initial pleadings setting for the claim for relief upon which the action is based. See 28 U.S.C. 1446(b)(1).

17. Therefore, this case case is appropriate for removal from state court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1) and § 1441 (a), because complete diversity of citizenship exists between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. Written notice of the filing of the Notice of Removal was given to all adverse parties in accordance with 28 U.S.C. § 1446(d) and is noted in the attached Certificate of Service.

19. Copies of all process, pleadings, and orders served upon defendant are attached hereto as exhibits in accordance with 28 U.S.C. § 1446(a). See Exhibit "A".

**WHEREFORE**, Defendant requests this Honorable Court remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

                                                                                                    __MAK 7222_____
Mark T. Riley, Esquire
Michele A. Krengel, Esquire
Marshall Dennehey Warner Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
610-354-8259/610-354-8453
Fax: 610-354-8299
mtriley@mdwcg.com; makrengel@mdwcg.com
Attorneys for Defendant, Safety Bus Service, Inc.

DATE: March 13, 2019

## VERIFICATION

MICHELE A. KRENGEL, ESQUIRE hereby verifies that she is the attorney for Defendant, Safety Bus Service, Inc. in the aforementioned matter; that the facts set forth in the foregoing Notice of the Removal of the above captioned action to this Court pursuant to 28 U.S.C. § 1441 and § 1446 and the same are true and correct to the best of his knowledge, information and belief; and that these statements are made subject to the penalties relating to unsworn falsification to authorities.


Dated: _____03/13/19_____          _____MAK7222_____
                                                  MICHELE A. KRENGEL

EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
FEBRUARY 2019
Filing Number: 1902037204
**001677**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> PAULINE HARRIS | **DEFENDANT'S NAME** <br> SAFETY BUS SERVICE, INC. |
| **PLAINTIFF'S ADDRESS** <br> 927 EAST SEDGWICK STREET <br> PHILADELPHIA PA 19140 | **DEFENDANT'S ADDRESS** <br> 1713 MARKET STREET SUITE 38 <br> PHILADELPHIA PA 19103 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal <br> [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES    NO |
|---|---|---|
| | **FILED <br> PRO PROTHY** <br> FEB 18 2019 <br> **M. BRYANT** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PAULINE HARRIS

Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> ELIZABETH A. SAVITT | ADDRESS <br> 34 ROCK HILL ROAD <br> BALA CYNWYD PA 19004 |
|---|---|
| PHONE NUMBER     FAX NUMBER <br> (610) 664-6730    (610) 664-6511 | |
| SUPREME COURT IDENTIFICATION NO <br> 35654 | E-MAIL ADDRESS <br> EASESQ@AOL.COM |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> *ELIZABETH SAVITT* | DATE SUBMITTED <br> Monday, February 18, 2019, 08:02 am |

FINAL COPY (Approved by the Prothonotary Clerk)

| | |
|---|---|
| ELIZABETH A. SAVITT, ESQUIRE<br>I.D. No.: 35654<br>34 Rock Hill Road<br>Bala Cynwyd, PA 19004<br>(610) 664-6730 | **THIS IS A MAJOR CASE**<br>**JURY TRIAL DEMANDED**<br>Filed and Attested by the<br>Office of Judicial Records<br>18 FEB 2019 08:02 am<br>M. BRYANT<br>Attorney for Plaintiffs |
| PAULINE HARRIS<br>927 East Sedgwick Street<br>Philadelphia, PA  19140<br>     Plaintiff | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | |
| SAFETY BUS SERVICE, INC.<br>1713 Market Street<br>Suite 38<br>Philadelphia, PA  19103 | FEBRUARY     TERM, 2019<br><br>NO.  001677 |

### CIVIL ACTION COMPLAINT
### 2-V MOTOR VEHICLE ACCIDENT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted, sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBEE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENT PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE ARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107
(215) 238-6333

ELIZABETH A. SAVITT, ESQUIRE           THIS IS A MAJOR CASE
I.D. No.: 35654                         JURY TRIAL DEMANDED
34 Rock Hill Road
Bala Cynwyd, PA 19004                   Attorney for Plaintiff
610) 664-6730

PAULINE HARRIS                      :   COURT OF COMMON PLEAS
927 E. Sedgwick St.                 :   PHILADELPHIA COUNTY
Philadelphia, PA   19140            :
        Plaintiff                   :
                                    :   FEBRUARY        TERM, 2019
                                    :
        vs.                         :
                                    :
SAFETY BUS SERVICE, INC.            :   NO. 001677
1713 Market St., Suite 38           :
Philadelphia, PA   19103            :

<u>**COMPLAINT - CIVIL ACTION**</u>
<u>**2V- MOTOR VEHICLE ACCIDENT**</u>

1. The plaintiff, Pauline Harris, is an adult individual residing at the above-captioned address.

2. The defendant, Safety Bus Service, Inc. (hereinafter "Safety"), is a corporation licensed to transact business in the Commonwealth of Pennsylvania with an office at the above address.

3. At all times relevant hereto, plaintiff, Pauline Harris, was a passenger on an MCI bus model number 1450 (hereinafter the "Safety bus") involved in the accident at issue herein.

4. At all times relevant hereto, defendant, Safety, owned and maintained, and controlled the Safety bus involved in the accident at issue herein.

5. At all times relevant hereto, the Safety bus was operated and controlled by its agent, servant, workman and/or employee of defendant Safety acting within the course and scope of his employment with defendant Safety.

6. On or about September 21, 2018, at or about 3:00 p.m, the Safety vehicle was travelling in Lancaster County in the Commonwealth of Pennsylvania, when the bus operator, acting within and the course and scope of his employment with defendant Safety, suddenly and without warning, slammed on the brakes, as a result of which the plaintiff, Pauline Harris, suffered severe personal injuries, all of which are or may be permanent, hereinafter described at length.

Case ID: 190201677

7. The negligence, recklessness and carelessness of defendant Safety, by and through its agent, servant, workman, and/or employee acting within the course and scope of his employment, consisted of the following:

    a. operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    b. failing to have the said vehicle under proper and adequate control at the time;

    c. operating said vehicle without due regard for the rights and safety of the plaintiff at the point aforesaid;

    d. failing to give proper and sufficient warning of the approach of said vehicle;

    e. failing to keep a proper lookout;

    f. failing to yield the right of way;

    g. operating said vehicle in violation of the ordinances of the County of Lancaster and the statutes of the Commonwealth of Pennsylvania;

    h. being otherwise negligent, careless or reckless under the circumstances as may be revealed through discovery.

8. The negligence, recklessness and carelessness of defendant, Safety, consisted of the following:

    a. any and all acts of negligence attributable to its agent, workman, servant, and/or employee;

    b. allowing its agent, servant, workman, and/or employee to operate the Safety vehicle when defendant Safety knew or should have known he was unqualified to operate the Safety vehicle;

    c. failing to sufficiently supervise its agent, servant, workman and/or employee;

    d. being otherwise negligent, careless or reckless under the circumstances as may be revealed through discovery.

9. As a result of the negligence, carelessness and recklessness of the defendant, plaintiff, Pauline Harris, sustained injuries, all of which are or may be permanent, including, but not limited to, fractures of the left transverse processes of T8, T9, and T10, fractures of left ribs 7 through 11, a torn rotator cuff of the left shoulder, left shoulder subacromial bursitis, and various other ills and injuries.

10. As a further result of the said accident, plaintiff, Pauline Harris, has been and will be obliged to receive and undergo medical attention and care and to incur various expenses, and she may be obliged to continue to expend such sums or incur such expenses for an indefinite period of time in the future.

11. As a further result of the aforesaid, the plaintiff, Pauline Harris, has undergone great mental pain and suffering and will in the future undergo great mental pain and suffering.

12. As a further result of the aforesaid, plaintiff, Pauline Harris, has been and will continue in the future to be hindered and prevented from attending to her usual duties, avocations and occupation, all of which have caused him and may in the future cause her to sustain a loss of earnings and/or earning power, to her great financial detriment and loss.

13. Solely by the negligence, carelessness and recklessness of the defendant hereinabove alleged, the plaintiff, Pauline Harris, will in the future be obliged to expend large and various sums of money for medicine and medical attention in and about endeavoring to treat and cure said mental and emotional injuries.

WHEREFORE, Plaintiff, Pauline Harris, demands judgment against the defendant, and in a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus costs.

BY: _____
ELIZABETH A. SAVITT, ESQUIRE
Attorney for Plaintiff

Date: 2/13/19

- 3 -

## VERIFICATION

I, PAULINE HARRIS, plaintiff herein, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge and information. I also understand the statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Pauline Harris*
PAULINE HARRIS

Dated: 2-10-19

Case ID: 190201677